JAMES M. CAREY, Adm'r. of ELIAS CONWELL, deceased *vs.* LEVIN PETTYJOHN, Adm'r. d. b. n. c. t. a. of JONATHAN HEAVILO, deceased.

A bequest to A. B. & C., at the marriage or decease of the testator's sister, to each $300, in cash, to be paid them by his executor; held to be a vested legacy in A. B. & C.

ASSUMPSIT. Case stated.

This case was presented to the court on the following statement of facts:—

Jonathan Heavilo, by his will bequeathed " to the three children of John T. Conwell, namely, John T., *Elias*, and Elizabeth, *at the marriage or decease of his sister Susan*, *each three hundred dollars*, in cash, to be paid them by his executor."

He also gave " to his two nephews, William R. and Heavilo Morris, sons of his sister Susan Morris, *all the rest and residue* of his estate, both real and personal (from and after the decease or marriage of his sister Susan) to be equally divided between them, their heirs and assigns forever."

He gave " to his sister Susan Morris, the use of all his estate, both real and personal, during her natural life or widowhood, and no longer, after which ever first happening to be disposed of as above described."

Elias Conwell, one of the above named legatees, died *after* the testator, but *before* the death or marriage of Susan Morris, (who died unmarried.) He left to survive him his brother, John T., and sister Elizabeth, his heirs-at-law. William R. Morris also died before his mother, leaving his brother Heavilo Morris, his heir-at-law.

The question presented on these facts was, who was entitled to the legacy of three hundred dollars, bequeathed as aforesaid to Elias Conwell; whether his administrator (the plaintiff,) or Heavilo Morris, the surviving legatee.

*Mr. Layton,* for the plaintiff, argued—1. This is a *vested* legacy in Elias Conwell, at the death of the testator, and does not *lapse* by his own death, before the time of payment.

Where *time* is annexed to the legacy itself, and not to its payment, it does not vest before the time is expired, and lapses by the death of the legatee. Thus a legacy to one, payable at his age of twenty-one years, is a vested legacy; though a legacy to one *if*, or *when*, or *provided he attains* twenty-one years of age, is contingent, and

lapses by his death. (2 *Mad. Chan.*, 14; 2 *Salk.*, 415; 2 *Vent.*, 342; *Swinb.*, 311-14; 1 *Burr. Rep.*, 227.)

But where the bequest is immediate and the payment is postponed, as a legacy to one to be paid or payable at twenty-one, or any other period, the legacy vests immediately, and does not lapse by the legatee's death. (1 *Roper*, 376; 5 *Vesey*, 509.)

2. And it has been considered, that where a legacy out of personal estate is given, *at* or *after the death* of a particular person, it does not denote a condition that the legatee shall survive such person, but only to mark the time at which the legacy shall take effect in possession or be payable, that possession being deferred on account of some interest in the subject being given to the person on whose death the gift is to take effect. (2 *Mad. Chan.*, 15.) In which cases the person to whom the absolute property is limited, takes an immediate vested interest in the nature of a *remainder;* and the interests of the first and subsequent takers vest together. (1 *Roper.*, 392; 16 *Ves. Ch. Rep.*, 314, 317; 1 *Roper*, 396; 2 *Eng. Ca. Ab.*, Legacies, A. *folio* 27; 4 *Bac. Ab. Legacies*, 396-5; 1 *Bro. Chan. Rep.*, 298, *Monkhouse* vs. *Holmes*; 2 *Ibid*, 75; 12 *Serg. & Rawle*, 112.)

3. The court favors the *vesting* of interests, especially for a particular legatee against the residuary legatee. (2 *Mad. Ch.*, 13, *Prescott* vs. *Long;* 2 *Ves.*, 690.)

4. The intention of the testator, apparent on this will in favor of the particular legatees, must govern the construction; if it be not opposed by any general rule of law.

*Mr. Houston,* contra, argued that the legacy did not vest in Elias Conwell; that the time had reference to the gift, and not to the payment; and that it was not a present gift to be paid futurely, but a future gift, viz: at the marriage or decease of Mrs. Morris. (1 *Rop. Leg.*, 376, 383, 292; 1. *Eng Ca. Ab.*, 295, *pl.* 6; 2 *Mad. Chan.*, 15.)

*Mr. Layton* replied.

*By the Court.*

BOOTH, *Chief Justice.*—When a legacy is directed to be paid at a future time, or on a future event, it is vested or contingent, according to the intent and meaning of the testator, as expressed in his will. If the time or event is annexed to the payment of the legacy, it is vested; if to the substance or gift of the legacy, it is

contingent; because such appears to be the intention of the testator. Therefore, if a legacy be given to a person, *payable,* or *to be paid,* at, or when he shall attain the age of twenty-one years ; or at or upon any other definite period or event; the legacy becomes vested immediately on the testator's death; and is transmissible to the executors or administrators of the legatee, although he dies before the time of payment.   But if the words "*payable*" or "*to be paid*" are omitted, and the legacy is given at twenty-one ; or at or upon any other future period or event ; the interest is contingent, and depends for its vesting on the legatee being alive at the period or event specified.

In the present case, upon the construction of the whole will of Jonathan Hevalo, the testator, it is manifest, that he intended to give to his sister, Susan Morris, all his estate both real and personal, for the term of her natural life, or during her widowhood, except one hundred dollars left to Susan Conwell; and upon the event of the second marriage, or death, of Susan Morris, that three legacies each of three hundred dollars, should be paid out of his estate, one to each of the three children of John J. Conwell, namely : John T., Elias, and Elizabeth Conwell ; and that the residue of his estate, both real and personal, should be equally divided between his two nephews, William R. Morris and Heavilo Morris, the sons of his said sister, Susan Morris, their heirs and assigns forever.   If it be argued, that from the words of the will, the legacies of three hundred dollars do not vest until the marriage or death of Susan Morris ; it may, for the same reason, be contended, that the bequest of the residue of the testator's personal estate does not vest until then ; for the language applied to each, is in substance the same. The legacies are given *at the marriage or decease* of Susan Morris, to be paid in cash by the executor.   The residue is given *from and after her decease or marriage,* to be equally divided between her two sons.   The devise of the life estate is placed after the legacies and the gift of the residue ; but it is immaterial in what order the several bequests and devises stand in a will.   The testator clearly intended that his sister, Susan Morris, immediately upon his death, should hold and enjoy all his estate (except the aforesaid one hundred dollars) during her life time or widowhood ; and upon her death or second marriage, that the three legacies, each of three hundred dollars, should be deducted from his estate, and they and the residue be possessed and enjoyed immediately after the determination

of the estate of Susan Morris, by the several persons who were the objects of the testator's bounty. The bequests of the legacies and the residue are in the nature of remainders; and became vested interests, as well as the life estate of Susan Morris, immediately upon the death of the testator. Therefore, the legacy of three hundred dollars bequeathed to Elias Conwell, was not defeated by his dying after the testator and in the life time of Susan Morris, but goes to the plaintiff, James M. Carey, as the administrator of said Elias Conwell, deceased.

*Mr. Layton,* for plaintiff.

*Mr. Houston,* for defendant.